**LIBERTY LEATHER CORPORATION,**
**Plaintiff,**

v.

**Richard CALLUM and Willard Helburn, Inc., Defendants.**

**Civ. A. No. 79–486–C.**

United States District Court,
D. Massachusetts.

May 21, 1980.

Edward R. Lev, Sullivan & Worcester, Boston, Mass., for plaintiff.

J. Owen Todd and John J. Regan, Hale & Dorr, Boston, Mass., for defendant Richard Callum.

John P. White, Jr., Monroe L. Inker, White, Inker, Aronson, Connelly & Norton, P. C., Boston, Mass., Raymond Young, Young & Bayle, Boston, Mass., for defendant Willard Helburn, Inc.

MEMORANDUM

CAFFREY, Chief Judge.

This matter came before the Court on plaintiff's motion to compel production of documents by defendants Callum and Willard Helburn, Inc. as well as answers to questions propounded at the depositions of defendant Callum and one Raymond Young.

The initial refusals to produce the requested document and to answer the questions propounded at the depositions occurred in April 1979. The motion to compel was filed in May 1979. At the hearing on the motion in February 1980 defense counsel "volunteered" to turn over the material sought by plaintiff. Plaintiff now seeks to recover the expenses of filing and briefing the motion.

> Fed.R.Civ.P. 37(a)(4) provides in part: If the motion is granted, the court shall, after opportunity for hearing, require the party or deponent whose conduct necessitated the motion . . . to pay to the moving party the reasonable expenses incurred in obtaining the order, including attorney's fees, unless the court finds that the opposition to the motion was substantially justified.

Although defendants in the instant case produced the requested information before the court had an opportunity to rule on the

above-mentioned motions, I find that the defendants were not justified in refusing to comply with the plaintiff's requests between April 1979 and February 1980 and I rule that consequently the plaintiff may recover reasonable expenses.

I note that to rule otherwise would permit a party seeking without substantial justification to delay his opponent's acquisition of properly discoverable information to do so without any risk of becoming liable for his opponent's reasonable expenses by complying with the request at the eleventh hour just before the court has an opportunity to rule on his opponent's motion to compel. Repeated use of this tactic could wreak financial ruin on the opponent.

In light of the foregoing and because I find no justification for defendants' refusal to either produce the documents requested by the plaintiff or answer the questions propounded by the plaintiff in this case, I rule that plaintiff is entitled to recover the reasonable expenses of the motion including attorney's fees. After an affidavit as to time and expenses is submitted by counsel for plaintiff, a hearing, if necessary, will be held to determine the amount of the allowance to plaintiff for prosecuting those motions.